IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:20-cv-0296

MATHESON TRI-GAS, INC., PLAINTIFFS,

v.

E-B DISPLAY COMPANY, INC., ET AL., DEFENDANTS.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Before the court is Matheson Tri-Gas's motion to remand.[1] Having considered the arguments and the applicable law, the court grants the motion.

## I. BACKGROUND

On August 20, 2020, Matheson Tri-Gas sued E-B Display Company Inc. and others (collectively "EB") in the 239th Judicial District Court of Brazoria County. Alleging breach of contract, Matheson seeks actual damages, reasonable and necessary attorneys' fees and costs, and prejudgment and post-judgment interest.[2]

---

[1] Dkt. 9.
[2] *See* Dkt. 1-1.

1

The suit arises from the parties' Product Supply Agreements (the "Agreements"), under which EB agreed to purchase all its requirements for various packaged gases exclusively from Matheson.[3] Matheson became aware, however, that EB began purchasing certain gases allegedly covered by the Agreements from a third party, in violation of the Agreements' exclusivity provisions.[4] Additionally, EB has allegedly failed to pay the amounts owed to Matheson under the Agreements.

EB removed the action to this court under 28 U.S.C. § 1441(a).[5] But Matheson argues that EB waived its right of removal by virtue of forum-selection clauses within the Agreements. The Agreements contain identical provisions explicitly providing that the parties "agree to consent to the exclusive jurisdiction of the courts of the State of Texas with regard to any dispute arising [thereunder.]"[6]

## II. LEGAL STANDARD

### A. Removal Jurisdiction

The jurisdictional statutes allow removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[7] So a defendant may remove a case when the amount in controversy exceeds $75,000

---

[3] Dkt. 9, Exhibits A, B, and C.
[4] *See id.* at ¶ 1 ("[Matheson] agrees to sell and [EB] agrees to purchase from [Matheson], all of [EB]'s present and future requirements of the listed Product(s) in Exhibit A[.]").
[5] Dkt. 10 at 1.
[6] Dt. 9 at 1.
[7] 28 U.S.C. § 1441(a).

and there is complete diversity of the parties.[8] Complete diversity exists when no plaintiff holds citizenship in the same state as any defendant.[9] All properly joined and served defendants must join in or consent to the removal of the action.[10] Upon the filing of a motion to remand, the removing party bears the burden of establishing that the district court has jurisdiction.[11]

### B. Forum-Selection Clause

Even where a party may otherwise have the right to remove an action to federal court, a forum-selection clause establishing exclusive jurisdiction in a state forum will result in a waiver of the right to removal.[12] The Fifth Circuit has repeatedly held that language fixing "exclusive" jurisdiction in a state forum constitutes a waiver of the right to remove an action to federal court.[13] This is true because "permitting removal would read the word 'exclusive' out of the contract."[14]

---

[8] 28 U.S.C. §§ 1332, 1441.
[9] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).
[10] 28 U.S.C. § 1446(b)(2)(A).
[11] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).
[12] *See Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017); *see also Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443–44 (5th Cir. 2009).
[13] *See, e.g.*, *Ensco Int'l*, 579 F.3d at 448–49; *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006).
[14] *Ensco Int'l*, 579 F.3d at 449.

The Fifth Circuit "applies a strong presumption in favor" of the enforcement of mandatory forum-selection clauses.[15] The removing party can overcome this presumption only upon a clear showing that the forum-selection clause is "unreasonable" under the circumstances.[16] "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state."[17] The party resisting enforcement on these grounds bears a "heavy burden of proof."[18]

**C. Judicial Estoppel**

Judicial estoppel does not lend itself to an inflexible or exhaustive formula,[19] but the Fifth Circuit has identified three general elements: (1) the party's position must be plainly inconsistent with its prior position; (2) the party must have convinced a court to accept the prior position; and (3) the party must not have acted

---

[15] *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016).
[16] *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).
[17] *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13, 15, 18 (1972)).
[18] *M/S/ Bremen*, 407 U.S. at 17.
[19] *New Hampshire,* 532 U.S. at 751,

inadvertently.[20] The second element is satisfied when a court has "necessarily accepted and relied on" a party's position in making a determination.[21]

The policies informing the doctrine of judicial estoppel include "preventing internal inconsistency, precluding litigants from 'playing fast and loose' with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment."[22] The purpose of the doctrine is to protect the integrity of the courts; it is not designed to protect litigants.[23] Judicial estoppel is an extraordinary remedy that should be used only when a party's inconsistent behavior will result in a miscarriage of justice.[24]

### III. DISCUSSION

**A. Forum-Selection Clause**

EB argues that Matheson consented to this court's jurisdiction because the Agreements' forum-selection clause stated that the parties "agree to consent to the exclusive jurisdiction of the courts of the State of Texas with regard to any dispute arising [thereunder.]"[25] A forum-selection clause is "prima facie valid and

---

[20] *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011); *see also Hall*, 327 F.3d at 396 (citing first two elements).
[21] *Aherns v. Perot Sys. Corp.*, 205 F.3d 831, 836 (5th Cir. 2000).
[22] *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993).
[23] *ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278, 329 (S.D. Tex. 2008); *see also New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).
[24] *Id.*
[25] Dkt. 9 at 1.

enforceable unless the opposing party shows that enforcement would be unreasonable."[26] "A forum-selection clause demonstrates a party's consent to jurisdiction in a specific forum, and courts, absent a showing of fraud or overreaching in creating the clause, enforce such consent."[27] The issue here is whether the forum-selection clause in the Agreements shows Matheson's consent to litigate in this federal district court, or only in Texas state courts.

The Fifth Circuit distinguishes between forum-selection clauses that consent to jurisdiction in any court in a given city, county, state, or nation, and those that consent to jurisdiction only in a specific court or type of court in that location.[28] A clause consenting to jurisdiction by courts "in" a state is broader than a clause consenting to jurisdiction by courts "of" a state. In *Alliance Health Group, LLC v. Bridging Health Options, LLC,* the Fifth Circuit held that a clause stating that "venue shall occur *in* Harrison County" and containing "no reference to courts *of* that county," allowed the defendant to be sued in either the state or federal courts located in Harrison County.[29] In *Dixon v. TSE Int'l Inc.*, the Fifth

---

[26] *Goodman Co. v. A & H Supply, Inc.*, 396 F.Supp.2d 766, 773–74 (S.D.Tex. 2005).
[27] *Id.* at 774.
[28] *See Collin Cty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45 (5th Cir. 2007); *Alliance Consulting Grp. LLC v. SMICO Mfg. Co., Inc.,* No. 1:13CV274–HSO–RHW, 2013 WL 5949552, at *2 (S.D. Miss. Nov. 6, 2013).
[29] *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399–402 (5th Cir.2008).

Circuit held that a forum-selection clause stating that "[t]he Courts of Texas, U.S.A., shall have jurisdiction over all controversies" consented only to jurisdiction by the state courts, making removal to a federal court in Texas improper.[30]

Under the Fifth Circuit's approach to forum-selection clauses, a federal district court in Texas is not included in the "courts of the State of Texas."[31] The federal district courts in the Southern District of Texas are federal courts, not "State of Texas courts."[32] EB has therefore effectively waived its right to remove to federal court by signing the Agreements, restricting them to suing in Texas state courts.

**B. Judicial Estoppel**

Before addressing judicial estoppel, the court must first determine whether state or federal law applies to this defense. The Fifth Circuit has noted that many courts faced with judicial-estoppel questions conclude that "federal law should apply because a federal court should have the ability 'to protect itself from manipulation' and this ability should not vary in a diversity action because it is a matter of federal procedure and not a substantive concern."[33] The Fifth Circuit has generally

---

[30] *Dixon*, 330 F.3d at 397 (emphasis added). "[T]he federal courts of the Eastern District of Texas are not courts *of* Texas because they do not belong to Texas, but rather are courts *of* the United States." *Id.* at 398.
[31] *See, e.g.*, *id.*
[32] *Hazim v. Schiel & Denver Pub. Ltd.*, No. CIV.A. H-12-1286, 2015 WL 4545534, at *4 (S.D. Tex. July 28, 2015)
[33] *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 395 (5th Cir.2003) (internal citations omitted).

considered judicial estoppel a matter of federal procedure and has applied federal law.[34] For these reasons, the court concludes that federal law applies to the judicial-estoppel defense.

EB argues that Matheson should be judicially estopped from moving for a remand in this case based upon the forum-selection clause in their Agreements, because in a matter two years ago Matheson proceeded in this district against a separate party subject to the same forum-selection clause. At first blush, it may seem the facts here meet all three of the Fifth Circuit's *Reed* elements: (1) Matheson's position in this case is inconsistent with its prior position; (2) Matheson convinced a Southern District judge to accept the prior position; and (3) Matheson does not contend it acted inadvertently. However, the Supreme Court said in *New Hampshire v. Maine* that judicial estoppel does not lend itself to an inflexible or exhaustive formula.[35] And whether the forum-selection clause in the Agreements mandates jurisdiction in only Texas state courts—and not also federal courts sitting in Texas—was not actually litigated in Matheson's prior case.[36] That case mainly concerned personal jurisdiction; the relevance of the forum-selection clause was that it evinced

---

[34] *Id.* (citing *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir.1996)).
[35] 532 U.S. 749, 751.
[36] *Matheson Tri-Gas, Inc. v. FlexTM, Inc.*, No. 18-cv-00248, 2018 WL 2363958, *4-5 (May 24, 2018).

8

consent to personal jurisdiction in the designated state.[37] Admittedly, the Fifth Circuit, in its list of judicial-estoppel elements, does not require that the issue was actually litigated in the earlier action. But it's related to the second of the *Reed* factors—that the estopped party convinced a court to accept an inconsistent position. Though Matheson convinced a court that the forum-selection clause amounted to consent to personal jurisdiction in Texas, it did not convince the court—or even seek to convince the court—that the clause conferred jurisdiction on a federal court sitting in Texas as opposed to just the state courts. That question simply never came up. And the fact that it didn't cuts against the idea that Matheson is "playing fast and loose with the courts" and "deliberately changing positions according to the exigencies of the moment."[38]

Judicial estoppel is an equitable remedy that courts should only use when a party's inconsistent behavior will result in a miscarriage of justice. Considering the facts of this case, the court does not find that justice would be served by declaring

---

[37] *Id.* at *4 (citing *Alliantgroup, L.P. v. Feingold*, 2009 WL 1109093, at *9 (S.D. Tex. Apr. 24, 2009) ("A forum-selection clause alone, without a specific additional agreement as to personal jurisdiction, is sufficient evidence of consent to personal jurisdiction in the designated state.")) Matheson's opponent in the earlier case wasn't arguing that the clause conferred exclusive jurisdiction on Texas state courts—it didn't want to litigate in Texas at all. Indeed, it's possible that if Matheson's opponent in that case had to be in court in Texas, it preferred federal court. If that's true, it only underscores that the question in this case was not actually litigated in that one.

[38] *In re Coastal Plains, Inc.*, 179 F.3d 197, 205–06 (5th Cir. 1999).

that Matheson cannot pursue a remand to state court because of an inconsistent position made in a prior proceeding without any relation to EB, and which was not actually litigated. Accordingly, the court finds Matheson is not judicially stopped from removing this case to state court.

* * *

The forum-selection clause in the Agreements is unambiguous, vests the state courts of Texas with exclusive jurisdiction, and amounts to a waiver of EB's right to remove. Further, Matheson is not judicially estopped from moving to remand. Accordingly, Matheson's motion is granted, and this case is remanded to 239th Judicial District Court of Brazoria County, Texas.

Signed on Galveston Island on this the 29th day of April, 2021.

*Jeff Brown*
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE